## In re DAVIDSON (two cases).
### Patent Appeals Nos. 2838, 2839.

Court of Customs and Patent Appeals.
Feb. 1, 1932.

White, Prost, Flehr & Lothrop, of San Francisco, Cal. (Charles M. Thomas, Francis D. Thomas, and James P. Burns, all of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The issues involved in these two appeals from decisions of the Board of Appeals of the United States Patent Office are so similar in their nature as that the cases were briefed and orally argued together. We therefore dispose of them in a single opinion.

Both applications relate to the subject-matter of stationary traffic signals of the reflector type, designed to be placed at danger points on highways. In appeal No. 2838, certain claims were allowed, but claims 16 to 21 were disallowed. In appeal No. 2839, claims 1 to 4, inclusive, and 7 to 14, inclusive, being all the claims of the application, were disallowed.

Appellant quotes claims 16 and 19 of appeal No. 2838 and claims 7, 11, and 12 of appeal No. 2839 as illustrative of the claims of the respective applications.

"Claim 16. A traffic signal adapted to reflect an acutely incident entering light beam back and substantially parallel to the entering beam and having a reflecting member formed of a plurality of facets joined together in groups of three at right angles to each other, at least one facet of each group having slight surface irregularities."

"Claim 19. A traffic signal adapted to reflect an acutely incident entering light beam back and substantially parallel to the entering beam and having a reflecting member formed of a plurality of contiguous central triple reflectors, at least one surface of each of said reflectors having slight surface irregularities."

"Claim 7. A signal reflector composed of a plurality of groups of surfaces, each group comprising three substantially flat reflecting surfaces fixed at right angles to each other and at least one of the surfaces of each group having slight irregularities in its reflecting surface."

"Claim 11. A traffic signal adapted to reflect the light from a headlight of a vehicle and within the range of vision of a driver of said vehicle and comprising a plurality of groups of reflectors each of said reflectors having three reflecting surfaces positioned at right angles to each other and characterized by irregularities normally formed as produced, as and for the purposes set forth.

"Claim 12. The method of traffic signaling to the driver of a vehicle approaching said signal at an angle acute to said signal, which consists in employing an incident beam of light from a headlight mounted on said vehicle and reflecting said incident beam as a conical reflected beam embracing a line of vision of the said driver."

The references relied on are: Ebeling

(Design), 47284, May 4, 1915; Wertz, 1195757, August 22, 1916; Scott, 1287464, December 10, 1918; Vanderbeek, 1377161, May 3, 1921; Grubb (British), 21856, of 1903; Zeiss (German), 179474, December 11, 1906; Regener (German), 273332, May. 28, 1914.

In addition to being rejected upon the appropriate cited references, all the claims in appeal No. 2838 were rejected also as being drawn to new matter, the Board saying:

"In our opinion no one reading the original specification would gain therefrom any idea that the molding of the reflector had any relation to the optical effect or was anything more than an obvious and cheap way of producing the reflector.

"Applicant appears to be attempting to avail himself of what would have been a defect in his originally disclosed device to distinguish from what he concedes is unpatentable in view of the prior art. We do not consider such a disclosure sufficient to support the claims."

In appeal No. 2839, claims 1, 2, 7, 8, 9, 10, and 11 were rejected both upon references and upon the ground of new matter; claims 3 and 4 upon references; and claims 12, 13, and 14 (which are method claims) upon references, and also upon the ground, as stated by the Examiner, that "the alleged method of claims 12, 13 and 14 is thought to cover nothing more than a use of the reflectors of the references for which they are obviously adapted without change in structure."

The application involved in appeal No. 2838 appears to have been filed November 4, 1920, and that in appeal No. 2839 December 13, 1921.

The latter application became involved in two interference proceedings, in both of which motions to dissolve were made and sustained by a Law Examiner, and, upon appeal, by the Board of Appeals, on the ground of unpatentability over prior art as disclosed in several of the references which are here relied upon as anticipations of the respective applications now before us.

It is the contention of appellant that the "issues of the two interferences were considerably broader than the claims now before this court on appeal"; that he seeks here "much narrower claims than those which constituted the broad issues of the interferences"; that he has endeavored to introduce limitations of his original disclosure in order to meet objections voiced by the Law Examiner in his decision in the interference cases; and that, because of the limitations, it is not proper now to reject the applications upon the same art which was then held to render the broader claims nonpatentable.

It does not appear to us that the adjudications in the interference proceedings have any legitimate bearing upon the issue to be determined in these ex parte cases.

There was no inconsistency in the holdings of the tribunals of the Patent Office there and here. There is no claim of res judicata or stare decisis. The tribunals merely held upon the issues, as there presented to them, that the count involved, whatever its breadth might have been, was anticipated. Now they hold that the same references, or some of them, also anticipate what are said to be narrower claims. Also, as to many of them, it is held that these so-called narrower or limited claims were not, in fact, justified or disclosed by the specifications, which were a part of the interference issue.

A careful examination of the record leads us to the conclusion that there was no error in the decisions appealed from. In the opinions of the two Examiners, and in those of the Board of Appeals, there is a full discussion of both grounds of rejection which it is deemed unnecessary to repeat or enlarge upon.

The decisions of the Board of Appeals in both appeals 2838 and 2839 are affirmed.

Affirmed.